GULF, COLORADO & S. F. R'Y CO. v. G. W. ADAIR.

(No. 3271.)

APPEAL from Delta County.    Opinion by WILLSON, J.

J. W. FERRY, counsel for appellant.

No counsel appeared for appellee.

§ 36. *Connecting carrier; not liable for penalty incurred by contracting carrier; case stated.* Appellee shipped on appellant's line of railway two mules to be transported from Ben Franklin, in Delta county, to Hondo, Texas. Appellant executed and delivered to him a through bill of lading from Ben Franklin to Hondo for said mules, charging for their transportation $22.26, which amount appellee prepaid. Appellant transported said mules to Rosenburg Junction, and there delivered them to the Southern Pacific Railway Company, a connecting line, and said last-named line transported them

to Hondo. Said last-named company refused to deliver said mules to appellee unless he would pay additional freight charges thereon amounting to $76.24, and so refused for four days, when appellee, under protest, paid said additional charges, and obtained possession of said mules. Appellee brought this suit against appellant, claiming $450 damages, and also claiming $500 penalty for overcharge on freight, etc. Appellant excepted to appellee's petition because it failed to show that he was entitled to recover against appellant any sum exceeding the extra freight charge exacted and paid, that is, $76.24, and that of said amount the county court did not have jurisdiction. This exception was overruled, and judgment was rendered against appellant for $169.16¼ and costs. The cause was tried by the judge, and he found that appellee was entitled to recover of appellant the penalty prescribed by article 4258a, Sayles' Texas Civil Statutes, which in this case was found to be $22.26 for each day that said mules were held by the Southern Pacific Railway Company after they reached Hondo, the same being so held four days, making the aggregate penalty $89.04. He also found that appellee was entitled to recover the extra charge paid by him, $76.24, together with legal interest thereon. He found that appellee was not entitled to recover the $500 penalty claimed.

We are of the opinion that appellant's exception should have been sustained, and that appellee's suit should have been dismissed. It is clear that appellant was not liable to the penalty of $500 claimed by appellee. It had not violated the law by an overcharge of freight, or by unjust discrimination. If the law was violated, it was violated by the Southern Pacific Railway Company, and that company alone was liable to the penalty denounced by the statute. [Arts. 4257, 4258, Id.] This claim of $500 was therefore illegal, and cannot form the basis of jurisdiction.

We are also of the opinion that appellee was not en-

titled to recover of appellant the penalty denounced by article 4258a, Id. Appellant did not refuse to deliver the mules. It was the Southern Pacific Railway Company that refused to deliver them, and said last-named company was alone liable for said penalty. We think that the extent of appellant's liability to appellee is for the extra freight charge on the mules, $76.24, with legal interest thereon from the date when the same was paid by him. His petition shows no legal cause of action for anything more; and as this amount was not within the jurisdiction of the court, and as he had no good reason to suppose that he was entitled to recover of appellant anything more, his suit should have been dismissed. [2 Civil Cas. Ct. App., § 285; 3 Civil Cas. Ct. App., § 3.] The judgment is reversed, and the cause is remanded, with instructions to the court below to dismiss the suit unless appellee can, by amendment, show a legal cause of action within the jurisdiction of said court.

December 7, 1889.      Reversed and remanded.